```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
            CHARLESTON DIVISION
```

| | |
|---|---|
| Mary Louise Britt, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Michael J. Astrue, Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. )<br>_____) | CA No. 2:11-1089-TMC<br><br>**ORDER** |

The plaintiff, Mary Louise Britt (Britt), brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Social Security Disability Insurance Benefits (DIB) under the Social Security Act (SSA). (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02 and 83.VII.02 of the District of South Carolina. (Dkt. No. 21.)[1] The Report recommends that this court reverse the Commissioner's decision and remand for further administrative proceedings. For the reasons set forth below, the court adopts the Report, and reverses the decision of the Commissioner and remands this matter for further administrative proceedings.

**I.**

Plaintiff filed an application for DIB on July 15, 2008, alleging that she became disabled

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

as of July 11, 2008 due to degenerative disc disease, multiple sclerosis, vascular headaches, GERD, and memory problems. Her DIB application was denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing on July 16, 2010. On July 28, 2010, the ALJ issued a decision denying Britt's DIB claim. Britt requested a review of the ALJ's decision, which was denied by the Appeals Council, thereby making the ALJ's determination the final decision of the Commissioner.

Britt then filed this action on May 5, 2011. The magistrate judge filed the Report on July 16, 2012, recommending that the Commissioner's decision be reversed and remanded for further proceedings. (Dkt. No. 21.) In the Report, the magistrate judge sets forth the relevant facts and legal standards which are incorporated here by reference. The Commissioner timely filed objections to the Report on August 13, 2012. (Dkt. No. 26.) This matter is now ripe for review.

## II.

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . " 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). In its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that

of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157–58.

### III.

In the Report, the magistrate judge recommended remanding this case because the ALJ failed to consider the first prong of the two-part credibility test. (Dkt. No. 21 at 11-13). In the objections, the Commissioner argues that the ALJ did, in fact, apply the two-part pain analysis, including the threshold test. Further, the Commissioner contends the magistrate judge also erred in relying upon *Craig v. Chater*, 76 F.3d 585, 593 (4th Cir. 1996) for the proposition that the failure to consider the threshold question is reversible error. The court disagrees.

Evaluation of a claimant's credibility is a two-part test. 20 C.F.R. § 416.929(a), id. § 404.1529(a); Social Security Ruling 96-7p; *see also Craig,* 76 F.3d 585 at 594 (stating that under the regulations, "the determination of whether a person is disabled by pain or other symptoms is a two-step process"). In the first prong, "there must be objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 591. Second, and only after the threshold inquiry has been satisfied, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." *Id.* at 595. As the magistrate judge notes, when

the ALJ fails to "expressly consider the threshold question" and instead proceeds "directly to considering the credibility of [the] subjective allegations of pain," remand is warranted. *Id*. at 596. The first prong establishes the context or parameters under which to view the subjective evidence under the second prong. Further, as the magistrate judge noted, once an ALJ concludes that an impairment could reasonably be expected to produce the pain alleged, he ought to view any inconsistency or defect in the plaintiff's subjective testimony through a more discriminating lens because the plaintiff's subjective allegations, at that point, are consistent with the objective expectations.

The Commissioner argues in the objections that the ALJ did in fact perform the first prong of the test, citing this passage: "Even though the claimant has medically determinable impairments that could reasonably cause some of her symptoms, the objective medical evidence does not support the alleged severity."

However, the court holds that the ALJ erred in failing to consider the first prong. While the ALJ acknowledged the prongs of the test, the passage cited by the Commissioner does not constitute reviewable analysis of the first prong. In essence, the ALJ did not establish what the objective expectations of Britt's impairments were. Without doing so, there was no context in which to analyze her subjective complaints or objective medical evidence. *See also Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006) ("Having met this threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [claimant] was entitled to rely exclusively on subjective evidence to prove the second part of the test . . . .").

The Commissioner also argues that the ALJ's error constitutes harmless error. The court disagrees. By failing to properly analyze the first prong, in detail, the ALJ was unable to properly

view the subjective and other evidence in the proper context. Without that context, Britt was deprived of meaningful analysis of how the subjective complaints and medical evidence corresponded with the objective expectations.

## IV.

After a thorough review of the record, the court finds the magistrate judge's Report provides an accurate summary of the facts and law in this case. And, carefully reviewing the record and having conducted the required de novo review of the issues to which the Commissioner has objected, the court finds no basis for disturbing the Report, which is incorporated herein by reference. The court concurs with both the reasoning and result recommended by the magistrate judge. The court adopts the Report and its recommended disposition. The Commissioner's objections are overruled. However, the court is careful to note that it express no comment as to the ultimate merits of the plaintiff's claims. The court **REVERSES** the ALJ's decision and **REMANDS** this case for further administrative action consistent with this order and the Report.[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 27, 2012

---

[2] Contrary to Britt's contention, remand is the appropriate action here. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."); *see also See Cook v. Heckler*, 783 F.2d 1168 (4th Cir. 1986) (remanding for further proceedings in light of ALJ's error); *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981) (same).